HARVEY STORRS v. JAMES R. STORRS, ROXA STORRS AND MAR-
TIN V. STEFFY.

*Attempt to defeat execution for alimony.*

1. A man deeded land to his son, and the son and his wife deeded back a life estate. Troubles arose in the family and the son's wife got a divorce and a decree for alimony to satisfy which she levied upon and sold her husband's interest in the land. The father filed a bill against the son, the divorced wife and the purchaser to compel a re-conveyance, on the ground that there had been a parol agreement for his support which had not been fulfilled. It appeared, however, that no one had heard of this agreement before and that both father and son had repeatedly dealt with the land as if no such agreement

existed, and that they were on friendly terms and the father's suit was apparently for the real purpose of defeating the wife's levy. *Held,* that his bill was properly dismissed.

2. Levy upon a remainderman's interest and the sale thereof on execution do not affect the right of the owner of a life interest to control and possess the property during his life.

Appeal from Shiawassee. (Newton, J.)  June 9.—Sept. 29.

BILL for reconveyance.  Complainant appeals.  Affirmed.

*A. R. McBride* for complainant.

*Wm. A. Fraser* and *Hugh McCurdy* for defendants Roxa Storrs and Steffy.

CHAMPLIN, J.  Complainant states that in 1874 he was the owner in fee of one hundred and twenty-eight acres of land in Vienna, Shiawassee county, Michigan ; that in that year he and his wife, Ruth, executed and delivered to their son, James R. Storrs, a deed of this land, and that, soon after, James R. and his wife, Roxa, executed and delivered to complainant and wife a deed of the same land, which granted to them a life-estate therein ; that the conveyances were made upon the parol understanding that James R. and Roxa were to support, maintain and care for complainant and wife during their lives; that soon after the delivery of such deeds his wife Ruth died, and he married again, and continued to live on the land with his second wife; that James R. and his wife were living on a farm purchased by complainant for them in Argentine ; that their house burned and then they came to complainant's for shelter, which resulted in trouble in the family ; that they made it so unpleasant for his wife that she left him, and has since died ; that they failed and neglected to support, maintain and care for complainant; that Roxa has obtained a divorce from her husband, and a decree for alimony, under which she has levied upon and sold the interest of James R. in the land, and that defendant Steffy is the purchaser ; and he asks that the defendants may be decreed to reconvey the premises to him on the ground that James R. and Roxa have failed to perform the oral agreement upon which the conveyances were made, and that Steffy purchased with notice

of that fact and of the fact that complainant was about to file his bill of complaint to compel a reconveyance.

There are statements in the bill of the family history and outside transactions which have no material bearing upon the equities under consideration, and they will not be noticed here.

It appears that no complaint was ever made by complainant of his treatment by Roxa, and no claim was ever made of the existence of the parol agreement alleged in the bill for support until about the time of commencing this suit, while the existence and legal validity of the deeds have been asserted by the complainant and by James R. in the most solemn form in other litigation respecting the land in question. Mortgages have been executed upon the land, and are still outstanding, by the complainant and James R. acting in conjunction, and based upon the title and ownership conferred by such deeds. It furthermore appears that the complainant and his son James are on friendly terms, and nothing is alleged in the nature of unkind treatment from him, or an unwillingness or refusal on his part to carry out the arrangement between him and his father. He has made no answer to the bill of complaint, but has suffered it to be taken as confessed. The allegations of the bill and the burthen of the proof seem to have been directed against the conduct of the defendant Roxa, and it is impossible from this record to escape the inference that the bill is filed with the assent and for the benefit of James R., to prevent the defendant Roxa from realizing the alimony decreed to her in the divorce suit. If there was anything wrong or inequitable in that decree, it should have been appealed from. It cannot be affected by these indirect proceedings. Her levy and sale do not affect the rights of complainant to the possession and control of the premises during his life. We do not think the complainant has established such a case as entitles him to the relief prayed, and the decree dismissing the bill of complaint is

Affirmed, with costs.

The other Justices concurred.